**Jaijit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72755.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Jaijit Singh, native and citizen of India, petitions for review of a Board of Immi-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

gration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, reversing only if the evidence compels the result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Singh's asylum application was untimely because that finding is based on disputed facts. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

Substantial evidence supports the IJ's adverse credibility determination, because the discrepancy between Singh's testimony and his asylum application statements regarding the timing and circumstances of his October 1999 arrest is substantial and goes to the heart of his claim. *See Don v. Gonzales,* 476 F.3d 738, 741–42 (9th Cir. 2007). Because at least one of the identified grounds is supported by substantial evidence and goes to the heart of Singh's claim, we are bound to accept the IJ's adverse credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). In the absence of credible testimony, Singh has failed to establish that he is eligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1157.

ed by 9th Cir. R. 36–3.

The court does not have jurisdiction to review Singh's due process challenges because he failed to exhaust the issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**