Jaijit SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–72725.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed April 24, 2009.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, Merri L. Hankins, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### ORDER

The memorandum disposition filed on November 4, 2008, 299 Fed.Appx. 669, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

The petition for panel rehearing is denied as moot.

### MEMORANDUM **

Jaijit Singh, native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

** This disposition is not appropriate for publication and is not precedent except as provid-

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, reversing only if the evidence compels the result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Singh's asylum application was untimely because that finding is based on disputed facts. 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the IJ's adverse credibility determination, because the discrepancy between Singh's testimony and his asylum application statements regarding the timing and circumstances of his October 1999 arrest is substantial and goes to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir.2007). Because at least one of the identified grounds is supported by substantial evidence and goes to the heart of Singh's claim, we are bound to accept the IJ's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). In the absence of credible testimony, Singh has failed to establish that he is eligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1157.

■ We reject Singh's contention that the IJ's consideration of extrinsic evidence violated due process. *See Cuadras v. INS,*

ed by 9th Cir. R. 36–3.

910 F.2d 567, 573 (9th Cir.1990) (no denial of due process where alien fails to show prejudice). The court does not have jurisdiction to review Singh's remaining due process challenges because he failed to exhaust the issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**